UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

SARITA KHATRI,

Debtor.
--------------------------------------------------x

Hearing date: November 10, 2026 at 2:30pm
Objections by: November 3, 2026

Chapter 11

Case No. 26-72276-spg

**NOTICE**

To the Debtor and Other Parties In Interest:

**PLEASE TAKE NOTICE THAT:**

1. Upon the application of the United States Trustee for the Eastern District of New York, a hearing will be held before the Honorable Sheryl P. Giugliano, United States Bankruptcy Judge, of the United States Bankruptcy Court, Alfonse M. D'Amato United States Courthouse, Courtroom 860, 290 Federal Plaza, Central Islip, New York, on**, November 10, 2026 at 2:30 pm,** or as soon thereafter as counsel may be heard, seeking entry of an order under 11 U.S.C. §1112(b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case, and such other and further relief as may be deemed just and proper.

2. The original application is on file with the Clerk of the Bankruptcy Court and with the United States Trustee and may be reviewed at either office during regular business hours.

3. Responsive papers, if any, shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts. the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers) and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: William J. Birmingham, Esq., no later than five (5) days prior to the hearing date set forth above. The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
October 19, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
FOR REGION 2
560 Federal Plaza
Central Islip, New York 11722
(631) 715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

Hearing date: November 10, 2026 at 2:30pm
Objections by: November 3, 2026

In re: Chapter 11

SARITA KHATRI, Case No. 26-72276-spg

Debtor.
---------------------------------------------------x

**NOTICE OF MOTION SEEKING ENTRY OF AN ORDER UNDER 11 USC 1112(b) DISMISSING THE WITHIN CHAPTER 11 CASE OR CONVERTING THE CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that, upon the annexed application, the United States Trustee- Region 2 will move this Court before the Honorable Sheryl P. Giugliano, United States Bankruptcy Judge of the United States Bankruptcy Court at the Alfonse D'Amato United States Courthouse, 290 Federal Plaza, Central Islip, New York, Room 860, Central Islip, New York, on **November 10, 2026 at 2:30 p.m**. (the "Hearing"), or as soon thereafter as counsel may be heard, seeking entry an order under 11 U.S.C. §1112(b) converting the above-referenced Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this Chapter 11 case and such other and further relief as may seem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing will be conducted live, in person, unless otherwise ordered, before the Honorable Sheryl P. Giugliano, United States Bankruptcy Judge of the United States Bankruptcy Court at the Alfonse D'Amato United States Courthouse, 290 Federal Plaza, Central Islip, New York, Room 860, Central Islip, New York. Those who intend to appear should register their appearance using the instructions on the Bankruptcy Court's website, which can be found at: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. appearances. If for some reason you are not able to use the eCourt

Appearances platform you must email the Courtroom Deputy at: spg_hearings@nyeb.uscourts.gov at least two (2) business days prior to the Hearing and state that a reasonable effort to use the platform has been made. You must include your name, the case number(s), who you represent if you are an attorney, and the date of the hearing. **Your email must include in the Re: line "I am not able to register using eCourt Appearances."** You will then be provided with the dial in/log in information. If you do not have internet access you may call the courtroom deputy with this information. For more information on eCourt Appearances, please refer to Judge Giugliano's Home Page for additional instructions.

**PLEASE TAKE FURTHER NOTICE**, that responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format, and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: William J. Birmingham, Esq., no later than seven (7) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
October 19, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE-REGION 2

By: *<u>/s/ William J. Birmingham</u>*
William J. Birmingham, Esq
Trial Attorney
Office of the United States Trustee
560 Federal Plaza
Central Islip, New York 11722-4456
Tel. No. (631) 715-7800

UNITED STATES BANKRUPTCY COURT Hearing date: November 10, 2026 at 2:30pm
EASTERN DISTRICT OF NEW YORK Objections by: November 3, 2026
-----------------------------------------------------X
In re: Chapter 11

SARITA KHATRI, Case No. 26-72276-spg

Debtor.
-------------------------------------------------x

**APPLICATION IN SUPPORT OF A MOTION SEEKING ENTRY OF AN ORDER DISMISSING THIS CASE, OR IN THE ALTERNATIVE, CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**TO: THE HONORABLE SHERYL P. GIUGLIANO:
UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee") in furtherance of his duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) in support of his application seeking entry of an order under 11 U.S.C. §1112(b) dismissing this case, or in the alternative, converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code, represents and alleges as follows:

**PRELIMINARY STATEMENT**

On June 4, 2026, (the "Filing Date") Sarita Khatri (the "Debtor") filed a voluntary petition under Chapter 11. The Debtor is a obstetrician and gynecologist who operates a medical practice from several locations that is currently in chapter 11.[1] Aside from the medical practice, the Debtor's estate mainly consists of three parcels of real property and four vehicles, all of which have mortgages or notes held against them. The Debtor has failed to file all appropriate monthly operating reports that have come due in this case. Without the monthly operating

[1] Healthcare for All Women OB/GYN PLLC under case number 26-71056 and True Health Medical, P.C. under case number 26-71057.

reports, it is impossible for the Office of the United States Trustee, or the Debtor's creditors, to evaluate if the Debtor is meeting its current monthly expenses. Accordingly, cause has been established to dismiss this case, or, alternatively, convert this case to one under chapter 7.

**RELEVANT FACTUAL BACKGROUND**

1. On June 4, 2026, (the "Filing Date") the Debtor commenced this proceeding by filing a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition"). (ECF Docket No. 1). Along with the Petition, the Debtor filed Schedules D, E/F, and G.

2. Neither a committee of unsecured creditors nor has a trustee been appointed in this matter, and the Debtor remains in possession of its assets as a debtor in possession.

3. The Debtor is represented by Heath S. Berger, Esq. of BFSNG Law Group LLP. ("Debtor's Counsel").

4. On July 7, 2026, the Debtor filed Schedules A/B, C, H, I and J along with the Statement of Financial Affairs. (ECF Docket Nos. 17 and 18).

5. The Debtor is medical doctor who owns and operates two obstetrician and gynecologist medical practices known as Healthcare for All Women OB/GYN, PLLC ("HFAW") and True Health Medical, P.C. ("THM"). Both entities have chapter 11 cases pending before this Court.

6. According to Debtor's Schedules A/B, the Debtor's estate consists of the following real property: (i) the Debtor's residence located at 204 Guinea Woods Road, Old Westbury, NY ("Debtor's Residence") valued at $2,000,000.00, (ii) investment property located at 41 Old Westbury Road, Old Westbury, NY ("Investment Property") valued at $1,000,000.00,

and (iii) a condominium located at 400 Fifth Avenue, Unit 44C, New York, NY valued at $1,000,000.00 ("Condominium") (collectively referred hereto as "Debtor's Real Property").

7. According to Debtor's Schedules A/B, the Debtor's estate consists of the following vehicles: (i) a 2024 Ford F250 valued at $33,200.00, (ii) a 2024 Ford Mustang valued at $25,790.00, (iii) a 2021 Mercedes-Benz S580 valued at $52,380.00, and (iv) a 2021 Mercedes-Benz GLE580 valued at $44,780.00 (collectively referred hereto as "Debtor's Vehicles").

8. On July 8, 2026, the Debtor appeared at the initial 341-meeting along with Debtor's Counsel. The Debtor was unable to testify and the matter was adjourned to July 29, 2026.

9. On July 29, 2026, the 341-meeting was adjourned at the Debtor's request to August 11, 2026.

10. On August 11, 2026, the 341-meeting was again adjourned at the Debtor's request to September 10, 2026.

11. On September 10, 2026, the 341-meeting was adjourned to September 18, 2026.

12. On September 18, 2026, the Debtor, along with Debtor's Counsel appeared at the 341-meeting. The Debtor testified that the impetus to filing bankruptcy was that the Debtor was facing several lawsuits. The Debtor additionally testified that, aside from her medical practice, the Debtor's estate consisted of three parcels of real residential property and four luxury vehicles. The Debtor further testified that the Debtor's Real Property are encumbered by a combination of mortgages and liens, and the Debtor's Vehicles have notes held against each of them. (See also Debtor's Amended Schedule D ECF Docket No. 23).

13. Monthly operating reports for the time periods of May 2026, June 2026,

July 2026, August 2026 and September 2026 have come due. These reports have yet to be filed

**APPLICABLE LEGAL AUTHORITY TO CONVERT OR DISMISS**

14. 28 U.S.C. §586(a)(8) states that "in any case in which the United States Trustee finds material grounds for relief under §1112 of Title 11, the United States Trustee shall apply promptly after making that finding to the court for relief." Under 11 U.S.C. §307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding. Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

15. Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part as follows:

> (1) Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in §§ 1121(e) and 1129(e) of this title . . .; and
>
> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --
>
> (i) for which there exists a reasonable justification for the act or omission; and
> (ii) that will be cured within a reasonable period of time fixed

by the court . . .

(4) for purposes of this subsection, the terms 'cause' includes –

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and

(F) unexcused failure to satisfy timely any filing reporting requirement established by this title or by any rule applicable to a case under this chapter;

16. Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in §1112(b)(4) exist. The mandatory language of §1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to mandatory conversion or dismissal. The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in §1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

17. Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court. *In re Levinsky*, 23 B.R. 210, 217 (E.D.N.Y. 1982).

In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal of a chapter 11 case, so long as its decision is made based upon the best interest of creditors. *See In re Gonic Realty Trust,* 909 F. 2d 624, 626-27 (1st Cir 1990). While the burden of showing cause rests with the moving party, *In re Pensignorkay, Inc*., 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); *In re Earth Services, Inc*., 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. *Levinsky*, 23 B.R. at 217; *see also In re Santiago Vel*a, 87 B.R. 229, 231 (D. P.R. 1988); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (S.D.N.Y. 1983).

18. Nevertheless, the list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4). *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2nd Cir. 1997). Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4). *See In re Springs Hospitality, Inc.,* 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1*)); In re 3 RAM, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

## ARGUMENT

## CAUSE EXISTS TO CONVERT THIS CHAPTER 11 TO ONE UNDER CHAPTER 7 OR DISMISS THIS CASE

19. Under Bankruptcy Code section 1112(b)(4)(A), cause to dismiss or

convert a chapter 11 is established when there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." The Debtor's entities, HFAW and THM, are currently in bankruptcy without a plan of reorganization on file. As will be shown herein, without the monthly operating reports, the Debtor cannot offer any proof that she is meeting her monthly expenses, thereby demonstrating a substantial or continuing loss to or diminution in the value of the estate. Moreover, without proof that the Debtor is meeting her monthly expenses, the Debtor will be unable to demonstrate there is a reasonable likelihood of a rehabilitation. As such, cause has been established under §1112(b)(4)(A).

20. The Debtor's failure to file the required monthly operating reports constitutes cause under §1112(b)(4)(F).

**A. The Debtor's lack of proof that it has sufficient income to cover its monthly obligations constitutes cause to dismiss this case or convert this case to one under chapter 7 under Bankruptcy Code §1112(b)(4)(A)**

21. Under section 1112(b)(4)(A), cause for conversion or dismissal is established if there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). It is not enough just to show continuing loss to the estate; the moving party must also show the absence of a reasonable likelihood of rehabilitation. *In re 1031 Tax Group, LLC.,* 374 B.R. 78, 93 (Bankr.S.D.N.Y.2007) (citing *In re Photo Promotion Assocs. Inc.,* 47 B.R. 454, 458 (S.D.N.Y.1985) (stating that a party moving under section 1112(b)(1) must establish both the "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation")).

22. The Debtor's Real Property and Debtor's vehicles all have secured debt that requires monthly service. The lack of monthly operating reports renders it unclear whether the Debtor is making adequate protection payments or regular monthly payments. The Debtor has not put forth any evidence that she is earning enough income to cover her monthly expenses. Consequently, the Debtor is suffering from a continuing loss or diminution in the value of the estate.

23. Moreover, the exclusivity period to file a plan of reorganization expired on October 2, 2026 with the Debtor being no closer to proposing a plan than she was on the Filing Date. With HFAW and THM in bankruptcy and without a plan of reorganization filed in either case, the Debtor's main source of income appears to be in jeopardy. The Debtor has failed to provide any evidence that she is earning enough income to cover her monthly expenses related to Debtor's Real Property and Debtor's Vehicles. As such, the Debtor has no reasonable likelihood of reorganization. Accordingly, cause is established under Bankruptcy Code section 1112(b)(4)(A) warranting the conversion or the dismissal of the Debtor's chapter 11 case.

**B. The Debtor's failure to prepare and file the required monthly operating reports constitutes cause to dismiss this case or convert this case to one under chapter 7 under Bankruptcy Code §1112(b)(4)(F)**

24. Cause to dismiss exists, as defined under §1112(b)(4)(F), for the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." The Bankruptcy Code at §1106(a)(1) requires a debtor in possession to file operating reports. Local Bankruptcy Rule 2015-1 states that a chapter 11 Debtor in possession "shall file and serve upon the United States trustee … a verified monthly operating report no later than the 20th day of each month, which shall be completed in the manner prescribed by the Operating Guidelines and Reporting Requirements of

the United States Trustee … [f]ailure to file required reports may constitute cause for dismissal or conversion of the case." The Operating Guidelines and Reporting Requirements of the United States Trustee states that "Subchapter V debtors must use … Form 425C (Small Business Monthly Operating Report) for the periodic financial report[s]."

25. The Debtor owes a fiduciary duty to his creditors. *In re Halal 4 U LLC, 2010 WL 3810860* (Bankr.S.D.N.Y. 2010) *(Citing In re G–I Holdings, Inc.,* 385 F.3d 313, 319 (3d Cir.2004)). This duty encompasses a responsibility to keep the Court and other parties in interest apprised of the Debtor's business operations. *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 565 (Bankr.M.D.Pa.2007) (citing *Petit v. New England Mortg. Servs., Inc.,* 182 B.R. 64, 69 (D.Me.1995)). Monthly operating reports are designed to allow the U.S. Trustee and creditors to monitor business operations during Chapter 11 and to avoid continued business operations that generate losses and administrative insolvency. *In re Javier Estrada, Inc.,* 2010 WL 817406, *2 (Bankr.S.D.Tex.2010).

26. "Monthly reports and the financial disclosures contained within them "are the lifeblood of the Chapter 11 process" and are more than "mere busy work." *In re Whetten,* 473 B.R. 380, 383-84 (Bankr.D.Colo. 2012) (internal citation omitted). "The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize." *In re Hoyle*, 2013 WL 210254, * 11 (Bankr.D.Idaho 2013). "Even if Debtor did not deliberately file misleading reports, Debtor [has] a responsibility to file complete and accurate reports." *Id.*

27. The Debtor has failed to submit the monthly operating reports that have come due in this case. *See In re Gel LLC* 495 B.R. 240 (Bankr. E.D.N.Y. 2011) (finding cause exists to dismiss or convert a Debtor's chapter 11 case for failure to file monthly operating

reports). Specifically, the Debtor has failed to file the required monthly operating reports for the time periods of May 2026, June 2026, July 2026, August 2026 and September 2026. Without the required reports, it is impossible for either the United States Trustee or the Debtor's creditors to evaluate the financial health and current management of the Debtor, as well as evaluate any offered plan of reorganization. As such, the Debtor has amply demonstrated cause for dismissal or conversion to chapter 7.

**C. The Debtor will be unable to satisfy it burden of proof concerning unusual circumstances**

28. Under 11 U.S.C. §1112(b)(2), the court may not convert or dismiss if the court identifies unusual circumstances establishing that conversion or dismissal may not be in the best interests of creditors and the debtor establishes that (i) there is a reasonable likelihood that a plan will be confirmed within certain timeframes, and (ii) the grounds for converting or dismissing include an act or omission for which there exists a reasonable justification and the act or omission will be cured within a reasonable period of time. However, paragraph (b)(2) does not apply if cause is established under paragraph (4) (A) of Bankruptcy Code section 1112(b), that is, if there are continuing losses or a diminution of the estate. Upon a finding of cause and determination that the limited exceptions do not apply ". . .dismissal or conversion is mandatory – the Court must dismiss or convert the chapter 11 case." *In re Adamo*, 2016 WL 859349 *10 (Bankr. E.D.N.Y. Mar. 4, 2016).

29. Nevertheless, the Debtor will be unable to identify unusual circumstances that establish converting or dismissing this case is not in the best interests of creditors and the estate. The Debtor has been in complete control of her records, including her DIP account, and the records that are required to prepare and file the monthly operating reports. Nevertheless, the Debtor has failed to timely and properly file the required monthly operating report. It is

submitted that the Debtor has willfully disregarded its obligations under the Bankruptcy Code is cause to convert or dismiss this case.

**CONCLUSION**

30. The Debtor has failed to provide proof of an ability to meet heer monthly expenses establishes cause under § 1112(b)(4)(A) as there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Furthermore, the Debtor has failed to file timely monthly operating reports, establishing cause under 11 U.S.C. § 112(b)(4)(F). Upon the establishment of cause under 11 U.S.C. §1112(b), the Debtor's chapter 11 case should either be converted to a case under chapter 7 of the Bankruptcy Code or dismissal of the Debtor's case, whichever is in the best interest of creditors.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A. Dismissing this case, or in the alternative, converting this case to one under chapter 7;

B. Requiring the filing of all monthly operating reports through the date of entry of the order converting or dismissing the case; and

B. Granting such other and further relief as may seem just and proper.

Dated: Central Islip, New York
October 19, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR
REGION 2
The Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York
(631) 715-7789

By: /s/ William J. Birmingham
William J. Birmingham
Trial Attorney
Office of the United States Trustee