UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK –
CENTRAL ISLIP DIVISION

-----------------------------------------------------------X
In Re:

SARITA KHATRI,

Debtors.
-----------------------------------------------------------X

Case No. **8-26-72276-spg**

Chapter 11

**RESPONSE IN SUPPORT OF MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE**

CrossCountry Mortgage, LLC ("Creditor"), hereby files this *Response* ("Response") in support of the *Motion to Dismiss Debtor's Chapter 11 Bankruptcy Case* ("Motion to Dismiss") [Dkt No. 39] with respect to certain real property of the Debtor having an address of 41 Old Westbury Rd, Old Westbury, NY 11568 (the "Property"). In further support of this Response, the undersigned respectfully states the following under penalty of perjury:

## I. STATEMENT OF FACTS

### A. LOAN HISTORY

1. On or about February 19, 2020, Sarita Khatri ("Debtor") and Paurush Khatri (collectively the "Borrowers") executed and delivered a commercial promissory note in the principal sum of $650,000.00 ("Note"). (*See* Claim No. 18-1).

2. The Note is secured by a recorded Mortgage ("Mortgage") granting a security interest in the Property. (*See* Claim No. 18-1).

3. Subsequently, interest in the Mortgage was assigned to Creditor. (*See* Claim No. 18-1).

### B. THE INSTANT BANKRUPTCY CASE

4. On June 4, 2026, Debtor filed the instant Chapter 11 Case in the Eastern District of New York and was assigned case number 8-26-72276-spg (the "Bankruptcy Case"). (*See* Dkt. No.

1).

5. Pursuant to Debtor's Schedules I and J, Debtor generates nominal net income each month ($506.91). (*See* Dkt. No. 17).

6. On August 13, 2026, Creditor filed a Proof of Claim in the amount of $654.769.87, including pre-petition arrears of $91,470.22. (*See* Claim No. 18-1).

7. On October 19, 2026, the United States Trustee filed a *Motion to Dismiss the Chapter 11 Case* ("Moton to Dismiss"). (Dkt. No. 39).

8. To date, the Debtor has yet to file monthly operating reports for the months of June 2026 – September 2026.

9. To date, the Debtor has yet to file a Disclosure Statement or Plan.

10. Creditor hereby files this Response in Support of the Motion to Dismiss.

## II. ARGUMENT

### A. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112

#### 1. Legal Standard.

11. Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court ***shall*** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Lizeric Realty Corp.,* 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995). Once "cause" is established, the burden shifts to the party opposing conversion to show that relief is not warranted. *Id.* For the reasons

discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

**2. Cause Exists to Dismiss this Case Based on Failure to Comply with the Bankruptcy Code, Federal Bankruptcy Rules, and Local Bankruptcy Rules, and Failure to Comply with an Order of the Court**

12. Pursuant to 11 U.S.C. §1112(b)(4), a court shall dismiss a case for cause including "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" or failure to comply with an order of the court." 11 U.S.C. §1112(b)(4)(E) and (F).

13. To date, the Debtor has yet to file monthly operating reports for the months of June 2026 – September 2026.

14. Based on the foregoing, cause exists to dismiss this case pursuant to 11 U.S.C. §§1112(b)(4)(E) and (F).

**3. Cause Exists to Dismiss this Case as there is no Likelihood of a Successful Reorganization**

15. Pursuant to 11 U.S.C. §1112(b)(4)(A), a court may dismiss a case due to a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A). In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988).

16. Here, there is no indication from the Bankruptcy filing to suggest the Debtor's residential properties contain equity, or that the principal residence generates income. However, the Debtor lacks the income to cure defaults through a Plan. Creditor filed a Proof of Claim in the amount of $654.769.87, including pre-petition arrears of $91,470.22. (*See* Claim No. 18-1). Pursuant to Debtor's Schedules I and J, Debtor generates nominal net income each month ($506.91). (*See* Dkt. No. 17). It is unclear how the Debtor will cure the arrears given the lack of

net income.

17. Creditor asserts the Debtor lacks the income to pay secured creditors to fund a Plan, and cure the defaults in full. Based on the lack of income to fund a Plan and pay secured and unsecured claims, there is no likelihood of a successful reorganization as any Plan will lack feasibility 11 U.S.C. § 1129(a)(11). Section 1129(a)(11) requires that confirmation is not likely to be followed by liquidation or the need for further reorganization unless the plan proposes it.

18. Retaining property that is not producing net income is evidence of bad faith and such a plan should not be confirmed. *See In re Lindsey*, 122 B.R. 157 (Bankr. M.D. Fla. 1991) ("[T]he court may not and should not permit the debtors to use a [plan] to retain and increase their equity in investment property at the expense of their unsecured creditors."); *see also Loop Corp. v. United States Trustee*, 379 F.3d 511, 515-16 (8th Cir. 2004) (properties must generate positive cash flow to justify retention.

19. There is no indication the Debtor's financial circumstances have improved since the petition date. If anything, the Debtor's financial circumstances have gotten worse as secured claims have continued to accrue interest, fees, and escrow advances, further depleting any available equity to pay claims, resulting in a continuing loss to or diminution of the estate.

20. Pursuant to 11 U.S.C. §1112(b)(4)(A), a court may dismiss a case due to a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A).

21. Accordingly, there no likelihood for a successful reorganization, and dismissal or conversion appears to be the only option.

## B. DISMISSAL IS IN THE BEST INTERESTS OF CREDITORS

22. Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of several court actions will best serve the estate's creditors. It must decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the

best interests of creditors and the estate; and identify whether there are unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. *In re Adamo*, 2016 LEXIS 694, *27 (Bankr. E.D.N.Y. Mar. 4, 2016). When deciding between dismissal and conversion under section 1112(b), "a bankruptcy court must consider the best interest of the creditors and the estate." *In re Froman*, 566 B.R. 641, 651 (Bankr. S.D.N.Y 2017) (emphasis in original; internal quotes omitted) (citing *Bankr. Doc. 68 at 12:8-10).* Thus a court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thereby indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf of. *In re Grego*, 2015 WL 3451559, at *8 (9th Cir. BAP May 29, 2015).

23. Here, it does not appear the Debtor owns any unencumbered nonexempt assets. As stated in *Grego*, the court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thus indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf. *Id*. As there appears to be no unencumbered assets and no unsecured creditors, conversion of the case to a Chapter 7 will only serve as a further delay. Accordingly, this case should be dismissed.

**WHEREFORE**, Creditor prays that this Court issue an Order

1. Dismissing the Chapter 11 Case; and
2. Such other relief as the Court deems just and proper.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Jenelle Arnold*
Jenelle Arnold

Attorney for Creditor
Aldridge Pite, LLP
3333 Camino Del Rio S
Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
Email: JArnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - CENTRAL ISLIP DIVISION

| | |
|---|---|
| ---------------------------------------------------------------X<br>In Re:<br><br>SARITA KHATRI,<br><br>Debtor.<br>---------------------------------------------------------------X | Case No. 8-26-72276-spg<br><br>Chapter 11<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the Response In Support Of Motion To Dismiss Debtor's Chapter 11 Bankruptcy Case was served via electronic means and/or mailed by U.S. Mail on October 28, 2026 to the parties listed below:

Sarita Khatri
204 Guinea Woods Road
Old Westbury, NY 11568
(via U.S. Mail)

Heath S. Berger
BFSNG Law Group, LLP
6851 Jericho Turnpik, Suite 250
Syosset, NY 11791
hberger@bfslawfirm.com
(via electronic notice & Email)

Office of The United States Trustee-Region2
William J. Birmingham
560 Federal Plaza
Central Islip, NY 11722
(via electronic notice & Email)

Department of Justice
Eastern District of New York at Central Islip
U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437
USTPRegion02.LI.ECF@usdoj.gov
(via electronic notice & Email)

Respectfully submitted,

/s/Jenelle C. Arnold
By: JENELLE C. ARNOLD
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Email: jarnold@aldridgepite.com

**CREDITOR'S SERVED VIA U.S. MAIL:**

8
290 Federal Plaza
Central Islip, NY 11722-4437

Ally Bank
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

American Express
PO Box 297871
Fort Lauderdale FL 33329-7871

Chase Bank
PO Box 15369
Wilmington DE 19850-5369

Cross Country Mortgage
2160 Superlor Avenue
Cleveland OH 44114-2102

Dext Capital
5500 Meadows Rd - Suite 300
Attn: Bankruptcy Department - Barbi Mart
Lake Oswego, OR 97035-3623

Ford Motor Credit Company LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

HPIII New York 1010 LLC
The Kantrow Law Group PLLC
732 Smithtown Bypass
Suite 101
Smithtown NY 11787-5020

Ally Bank, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Ford Motor Credit Company LLC, c/o AIS Portf
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

833 Nobo Building Corp
c/o Flatiron Real Estate Advisors
119 West 23 rd Street
Suite 903
New York, NY 10011-6342

Ally PO Box 380902
Bloomington,
MN 55438-0902

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Citicards
PO Box 6190
Sioux Falls SD 57117-6190

CrossCountry Mortgage, LLC
C/O Rocket Mortgage, LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9096

Dime Commercial Bank f/k/a Dime Community Ba
898 Veterans Memorial Highway
Hauppauge, NY 11788-2956
Attn: Stuart Fliegelman

Ford Motor Credit Company LLC
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

HPIII New York 1010 LLC
c/o Lane T. Maxson Law PLLC
732 Smithtown Bypass, Suite 100
Smithtown NY 11787-5020

BFSNG Law Group LLP
6851 Jericho Turnpike
Suite 250
Syosset, NY 11791-4455

JPMorgan Chase Bank, N.A.
c/o Buonamici & LaRaus, LLP
222 Bloomingdale Road
Suite 301
White Plains, NY 10605-1511

Ally Bank
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

American Express
PO Box 297814
Ft Lauderdale FL 33329-7814

Chase Bank
PO Box 15298
Wilmington DE 19850-5298

Citicards
PO Box 6500
Sioux Falls SD 57117-6500

Elizabeth Nicholas
c/o Law Office of Victoria Wickman
42 Broadway, Suite 2150
New York NY 10004-1684

HPIII New York 1010 LLC
122 East 42nd Street
18th Floor
Brooklyn NY 11203-3008

HPIII New York 1010 LLC
c/o The Kantrow Law Group, PLLC
732 Smithtown Bypass Suite 101
Smithtown NY 11787-5020

HSBC Mortgage Corp
PO Box 4552
Buffalo NY 14240-4552

JPMorgan Chase Bank NA
c/o Buonmici & Laraus, LLP
222 Bloomingdale Road
Suite 301
White Plains NY 10605-1511

Mercedes-Benz Financial Svcs
PO Box 961
Roanoke, TX 76262-0961

New York State Department of Health/OMIG
New York State Office of the Medicaid
800 North Pearl Street
Albany NY 12204-1817

Paurush Khatri
204 Guinea Woods Road,
Old Westbury NY 11568-1524

State of New York
Office of the Attorney General
2100 Middle Country Road
Centereach NY 11720-3570

U.S. Bank Equipment Finance
Law Offices of Charles A Gruen
381 Broadway
Suite 300
Westwood NJ 07675-2239

Usalliance Federal Credit Union
300 Apollo Dr
Chelmsford Ma 01824-3629

Westerman Ball Ederer Miller
Zucker & Sharfstein, LLP
1201 RXR Plaza
Uniondale, NY 11556-4201

Attn: Frank C. Dell'Amore, Esq.
Sarita Khatri
204 Guinea Woods Road
Old Westbury, NY 11568-1524

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

NYS Department of Taxation & Finance
Bankruptcy Unit-TCD
Bldg 8 Room 455
Albany NY 12227-0001

New York State Department of Taxation & Fina
Bankruptcy Section
P O Box 5300
Albany New York 12205-0300

People of the State of New York
400 Carleton Avenue
Central Islip NY 11722-4504

Tru Medical Management, LLC
c/o Bergstein, Flynn Knowlton
et. al.
767 Third Avenue, 14th Floor
New York, NY 10017-2023

Us Bank
Po Box 5229
Cincinnati Oh 45201-5229

Wickman
42 Broadway, Suite 2150
New York, NY 10004-1684

JPMorgan Chase Bank
1111 Polaris Parkway
Columbus OH 43240-2050

Karen Gonzalez
c/o Silberstein, Awad & Miklos,
P.C.
600 Old Country Road, Suite 505
Garden City, NY 11530-2008

New York State Department of Health/OMIG
Michael J. Derevlany
NYS Office of Medicaid Inspector General
Albany NY 12204

New York State Department of Taxation and Fi
250 Veterans Hwy
Hauppauge, NY 11788-5500
Attn: Josh Russell

Quantum3 Group LLC as agent for
Credit Corp Solutions Inc
PO Box 788
Kirkland, WA 98083-0788

U S BANK
4801 FREDERICA STREET
OWENSBORO KY 42301-7441

USALLIANCE FINANCIAL
c/o Weltman, Weinberg & Reis Co., L.P.A.
5475 Rings Road, Suite 200
Dublin, OH 43017-7565

Village of Williston Park
494 Willis Avenue
Williston Park NY 11596-1738